JONATHAN BLINN *et al.*, Appellants, *v.* ALBERT S. EVANS, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A person who advances money, at the request of one of the members of a copartnership, to take up an indebtedness which is apparently binding on the firm, will, if he acts in good faith, be protected, and may recover his advances from the firm.

*Aliter*, if he knows that the indebtedness is the individual debt of the partner requesting the advance, or that the money is to be used by such partner in his individual capacity.

Each partner is the agent of the firm, and it is bound by the acts of each individual member within the scope of its business.

THIS was an action of assumpsit, brought by appellee against appellants, together with one Cyrus Adams, as partners, to recover a sum of money which he had paid, at the request of Adams, to take up a note signed " Adams, Blinn & Co.," held by Bailey and Mead.

Appellants and Adams comprised the firm of Adams, Blinn & Co.

The declaration contains the common counts for goods, wares and merchandise ; money lent ; and money had and received ; for interest ; and upon account stated.

The defendants plead the general issue.

The defendants, Eddy and Blinn, file an affidavit that they have a good defense.

A jury is waived and the cause submitted to the court for trial, and judgment for the plaintiff.

Defendants Eddy and Blinn entered a motion for a new trial, which motion was overruled by the court, and exception taken.

Judgment for the plaintiff for the sum of $1,060.81 and costs.

From this judgment the defendants Eddy and Blinn appeal to the Supreme Court.

J. W. CHICKERING, for Appellants.

WALKER, VAN ARMAN & DEXTER, for Appellee.

WALKER, J.   The evidence shows that the appellee paid the money on the note, to the firm of Bailey & Mead, at the request of Adams, a member of the firm of Adams, Blinn & Co.  The note purports on its face to have been given by the latter firm, and the record contains no evidence that appellant had any notice that it was not given by that firm, or was not given for copartnership purposes, and in the usual course of busi-

ness. For aught that appears he may have acted in perfect good faith in advancing the money for, and in paying the note. We perceive nothing in the record to charge him with knowledge that the note was given for Adams' individual debt, or to put him upon inquiry. The question is then presented, whether a person who, at the request of one of the members of a copartnership, advances money and takes up an indebtedness which is apparently binding on the firm, does so at his peril, and to protect himself, is bound to ascertain and know that the indebtedness was incurred for partnership purposes, and if a note, that it was given by authority of all of the individuals composing the copartnership.

If the person advancing the money is aware of the fact that the note was given or the indebtedness was incurred by one of the partners, without authority and for his individual indebtedness, or that the note was a forgery, he would thereby render himself chargeable with an attempt to defraud the partnership. Were he under such circumstances to make the payment, he could have no claim on the firm to have it refunded. But when he acts in good faith, and at the instance and request of one of the partners, and makes a payment on what appears to be a valid demand against the firm, he must be protected. If the partner at whose instance he acted had borrowed the money of him for firm purposes, and had afterwards misapplied the money by appropriating it to his own use, no man would doubt his right to recover for the money thus loaned. It forms no part of the duty of a person loaning money to a firm to see to its application, if it was loaned for the purposes of the firm. But the law will protect the other members of the partnership against the fraudulent acts of one of its members, when a knowledge of the fraud can be traced to the person giving the credit. Yet the law will never permit a firm to perpetrate a fraud upon others by the use of the firm name in the transaction of the business of the partnership, or that which appears to be for that purpose. When the partnership is formed, each member becomes and is thereby created an agent of the firm, and it must be bound by all of the acts of each individual member within the scope of its business, unless bad faith is chargeable upon those dealing with the partner. Were it otherwise, it would enable partnerships to perpetrate frauds, without remedy. The appellant having paid this money at the request of one of the partners, on a note which appeared to have been given by the firm, and without any notice that it had been given for Adams' debt, or that it was claimed to have been a forgery, is entitled to recover, and the judgment of the court below is affirmed.

*Judgment affirmed.*